CLARISSA HOWARD *vs.* THE EXECUTORS OF WILLIAM E. HOWARD and others.

1. Where there is a general bequest for life with remainder over, the whole property must be sold and converted into money by the executor, the proceeds invested, and the interest only paid to the legatee for life. The rule prevails, except there is an indication of an intention on the part of the testator, that the legatee for life should receive the property bequeathed.

2. The circumstance that a bequest of general personal estate is in the same sentence with a devise of the real, will not make the legacy specific.

3. The well settled rule in equity is, that where it appears that there is danger that the principal of the legacy will be wasted or lost, the court will protect the interest of the legatee in remainder, by compelling the legatee for life to give security for the safe return of the principal.

4. Under like circumstances, the executor himself will be required to give security for the safety of the fund.

---

*Tuttle,* for complainant.

*A. S. Pennington,* for defendants.

THE CHANCELLOR. William E. Howard, in and by his last will and testament, after sundry devises and bequests, including specific legacies to his wife, gave the residue of his estate, real and personal, to his wife during the remainder of her natural life; and upon her death, he gave the same to his four sisters and other legatees.

The testator died in 1829. The executors possessed themselves of his estate, and in 1861, exhibited an account for settlement, by which it appears that after the payment of

debts and specific legacies, there remained in their hands a residue of nearly thirteen thousand dollars.

The widow now exhibits her bill for relief against the executors and legatees in remainder, by which she prays—

1. That the executors may be decreed to account, and to pay the residue of the estate into her hands.

2. Alleging that the income is insufficient for her maintenance, that the executors may be decreed to pay to the complainant such sums of money as may be deemed just and reasonable for her support and maintenance, and for the payment of her debts.

The rule is, that where there is a general bequest for life with remainder over, the whole must be sold and converted into money by the executor, the proceeds invested, and the interest only paid to the legatee for life. *Howe* v. *Earl of Dartmouth,* 7 *Vesey* 137; *Randall* v. *Russell,* 3 *Mer.* 193; *Covenhoven* v. *Shuler,* 2 *Paige* 132; *Cairns* v. *Chaubert,* 9 *Paige* 163; 2 *Kent's Com.* 353; 2 *Story's Eq. Jur.,* § 845 *a; Willard's Eq. Jur.* 332; 2 *Williams on Ex'rs* (ed. 1849) 1196; *Reed* v. *Eddy,* 2 *Green's R.* 176; *Ackerman's Adm'rs* v. *Vreeland's Ex'r,* 1 *McCarter* 23.

The rule prevails, except there is an indication of an intention on the part of the testator, that the legatee for life should receive the property bequeathed. *Collins* v. *Collins,* 2 *Mylne & K.* 703; *Pickering* v. *Pickering,* 2 *Beav.* 31; *S. C.* 4 *Mylne & C.* 289; 1 *Story's Eq.,* § 604, *note* 1.

There is nothing upon the face of the will to indicate an intention that the specific property should be reserved by the legatee. The circumstance that the bequest of the general personal estate is in the same sentence with that of the real, the devise of which is naturally specific, will not be sufficient to make it a specific legacy. *Howe* v. *Earl of Dartmouth,* 7 *Vesey* 137; 2 *Williams on Ex'rs* 1006.

But if, by the terms of the will, the legatee for life were entitled to receive the principal of the legacy, upon the facts disclosed by the bill and answer, and by the evidence in the case, she is not entitled to relief.

The legatees in remainder, by their answer, allege that there is danger of the loss of the fund in case the principal is paid to the legatee for life. ·The evidence shows the existence of such danger.  Independent of the evidence, the fact is apparent upon the face of the complainant's bill; the complainant herself alleging that the interest of the fund is in-sufficient for her support, and praying that she may have a reasonable allowance out of the principal of the fund for her support and maintenance, and for the payment of her debts.

The well settled rule in equity is, that where it appears that there is danger that the principal of the legacy will be wasted or lost, a court of equity will protect the interest of the legatee in remainder by compelling the legatee for life to give security for the safe return of the principal.  *Foley* v. *Burnell*, 1 *Bro. Ch. C.* 279; *Rowe's Ex'rs* v. *White, ante,* p. 411; *Hudson* v. *Wadsworth*, 8 *Conn.* 348; *Langworthy* v. *Chadwick*, 13 *Conn.* 42; *Homer* v. *Shelton*, 2 *Metc.* 206; 1 *Story's Eq. Jur.*, § 604; 2 *Story's Eq. Jur.*, § 845, 845 a. And under like circumstances the executor himself will be required to give security for the safety of the fund.  *Batten* v. *Earnley*, 2 *P. W.* 163; *Slanning* v. *Style*, 3 *P. W.* 335; *Rous* v. *Noble*, 2 *Vern.* 249; 1 *Story's Eq. Jur.*, § 603.

There is no ground for requiring an account from the executors.  They have settled their account in the Orphans Court.  There is no pretence of mistake or fraud in the settlement.  The interest of the residue has been regularly paid over to the complainant.

The bill must be dismissed.